See also 16 F.R.D. 3; 152 F.Supp 648.

Roy J. UNDERWOOD, Appellant,

v.

William E. MALONEY, Individually and as Representative of the International Union of Operating Engineers.

Homer DAWSON, Gerard Leone, James Russell, Robert Walsh, Colombo Acchione, Edmund Farmer, Michael Concordia, Norman Gale, Stanley Kosiorek, Gerald Gilroy, Joseph Martin and Clarence Sweeney, in Their Own Behalf and on Behalf of All Members of Local 542 and Its Branches 542-A, 542-B and 542-C of the International Union of Operating Engineers, Appellants,

v.

William E. MALONEY and Hunter P. Wharton, Individually and as Representatives of and on Behalf of the International Union of Operation Engineers.

Nos. 12267, 12269, 12268, 12270.

United States Court of Appeals Third Circuit.

June 12, 1957.

Abraham E. Freedman, Philadelphia, Pa., for appellants.

Charles A. Wolfe, Philadelphia, Pa., for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

PER CURIAM.

An injunction, at all four numbers as set out above, has been filed with this opinion in aid of our appellate jurisdiction, 28 U.S.C. § 1251, to end that the relations of the parties to the suits, those of the International Union of Operating Engineers, those of Local Union 542 and its Branches, 542A, 542B, and 542C, of the International Union of Operating Engineers, and those of the Members of Local Union 542, shall be maintained *in statu quo* pending disposition of the appeals. The order filed with this opinion prohibits any disturbance in the relationships referred to. Our order does not disturb the present trusteeship of Local Union 542 and of its Branches inaugurated by William E. Maloney as representative of the International Union

of Operating Engineers and it is our intention that this trusteeship shall continue in the future as in the past until further order of this court.

It will be observed that we have required security from both the appellants and the appellees for the faithful performance of the terms of the order. This seems just since injunctions and prohibitions are laid upon both sides. A court of equity may require such security to be given.

### Order

And Now, to wit, this 12th day of June, 1957, after oral argument and upon consideration of the motions of the appellants, it is

### Ordered

(1) That William E. Maloney, individually, and as representative of the International Union of Operating Engineers, and his agents and employees, and International Union of Operating Engineers and its agents and employees, be and they hereby are restrained from *nominating or holding elections of officers* of Local Union 542, International Union of Operating Engineers, until further order of this court.

(2) That William E. Maloney, individually, and as representative of the International Union of Operating Engineers, and his agents and employees, and International Union of Operating Engineers and its agents and employees, and Roy J. Underwood, President and Business Manager of Local Union 542 and its Branches 542A, 542B, and 542C of the International Union of Operating Engineers, and his agents and employees, and the members of Local Union 542, be and they hereby are restrained from taking *any action to disturb or to alter the* status of the relations existing as of the date of this order between Local Union 542, International Union of Operating Engineers and its respective Branches named above and the International Union of Operating Engineers, until further order of this court.

(3) That William E. Maloney, individually, and as representative of the International Union of Operating Engineers, and his agents and employees, and International Union of Operating Engineers and its agents and employees, and Roy J. Underwood, President and Business Manager of Local Union 542 and of its respective Branches hereinbefore named, and the agents and employees of Local Union 542, and the Members of Local Union 542, be and they hereby are ordered and directed to keep and maintain their respective relations *in statu quo* as of the date of this order until further order of this court.

(4) That the parties to this suit shall respectively give security in the sum of $2,000 conditioned for the faithful performance of the terms of this order, the security to be approved by the Clerk of the United States District Court for the Eastern District of Pennsylvania.